IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALFONSO GUADIANA**   **PLAINTIFF**

v.   **CIVIL ACTION NO. 1:23-cv-00324-TBM-RPM**

**TATE REEVES,** *et al.*   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Alfonso Guadiana is an inmate currently housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. [1], p. 2. He filed this Complaint under 42 U.S.C. § 1983, naming Governor Tate Reeves, Commissioner Burl Cain, and Superintendent Bran Huffman as Defendants. [1], pp. 2-3. Guadiana also listed unnamed medical professionals and Mississippi Department of Corrections ("MDOC") personnel as Defendants. [1], pp. 3-4. He is proceeding *in forma pauperis*. [7], pp. 1-3. The Court finds that Guadiana's claims are barred by the applicable statute of limitations, and this case must be dismissed with prejudice as frivolous and for failure to state a claim.

**I.   BACKGROUND**

The events giving rise to this lawsuit occurred at SMCI on or about February 16, 2016. [1], p. 5. Guadiana avers that he was "physically assaulted" by multiple other inmates "at the same time that evening." [1], p. 5. Guadiana claims that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights by turning a blind eye to the abuse he suffered. [1], pp. 3-8. He also blames these Defendants for denying him adequate medical care to address the injuries he sustained in the attack. [1], pp. 7-8.

Allegedly, Guadiana "went into the latrine area" after returning from the "last meal of the day." [1], p. 6. After using the restroom, he went "straight back to [his] assigned bunk" and was immediately confronted by "gang members" who asked him to pay $6.00 for "br[eaking] [their] shower/bathroom security." [1], p. 6. When Guadiana refused to pay them, one assailant "opened [his] lockerbox and started to take some of [his] personal canteen products." [1], p. 7. Guadiana "instinctively pushed him away," and three others "struck [Guadiana] very hard on [his] left ear." [1], p. 7. When he fell to the floor, the assailants kicked Guadiana "in [his] head, mouth and body" and subsequently stole $36.00 worth of his belongings. [1], p. 7.

Guadiana "went straight to the . . . control tower" and "ask[ed] the officer on duty to open the door and let [him] . . . out." [1], p. 7. The officer refused and threatened Guadiana with a rule violation report if he did not return "to [his] rack." [1], p. 7. When he returned, the "gang members" threatened Guadiana with "two . . . serious shanks" if he tried again to report their misconduct. [1], p. 7. Guadiana reported this threat the next day, but the officer "did not say or do anything to help [him]." [1], p. 7.

Guadiana then submitted a medical request to describe the assault and report "that a few of [his] permanent teeth were missing" and that he "could not hear anything with [his] left ear." [1], p. 7. The provider "gave [him] some useless ear drops" that did not remedy the hearing loss. [1], p. 7. When Guadiana finally saw an "ear doctor," [1], p. 7, he learned that the "hearing in that ear was completely lost" and that "nothing [could] be done to help it," [1], p. 8. Guadiana submitted administrative grievances about the treatment for his hearing loss; MDOC's first- and second-step responses are dated July 8, 2016, and September 28, 2016, respectively. [1-1], pp. 2-3.

## II.  DISCUSSION

### A.  Prison Litigation Reform Act ("PLRA")

Because Guadiana is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the PLRA, 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the case *sua sponte*.

### B.  Statute of Limitations

Likewise, the "court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets omitted). There is no federal statute of limitations for civil-rights actions brought

3

under § 1983. *Owens v. Okure*, 488 U.S. 235, 239, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id*. at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Mann v. Bryant*, No. 1:20-cv-00267-LG-RPM, 2021 WL 4254860, at *2 (S.D. Miss. Sept. 17, 2021); *see also* MISS. CODE ANN. § 15-1-49.

While Mississippi law governs the applicable limitations period, federal law controls when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). A claim accrues when a plaintiff has "a complete and present cause of action." *Id*. (quotation omitted). The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (quotation omitted). "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id*.

Under these principles, Guadiana's failure-to-protect claims accrued on or about February 16, 2016, [1], p. 5—when the alleged assault occurred. *See Perkins v. Lockhart*, No. 1:19-cv-00129-JCG, 2020 WL 5821973, at *3 (S.D. Miss. Sept. 30, 2020) (recognizing that a § 1983 claim predicated on an assault accrued on the date of the assault). Any claims related to the denial of medical care accrued shortly after the date of the assault, when Guadiana became dissatisfied with the course of treatment for his hearing loss. His documentary evidence reflects this dissatisfaction

4

at the latest by the date of his second-step response—on September 28, 2016. [1-1], p. 3. Thus, the period for filing a lawsuit under § 1983 against these Defendants expired at the very latest by September 28, 2019. *See Petty v. Boyd*, No. 1:11-cv-00016-JMR, 2011 WL 3876969, at *3 (S.D. Miss. Aug. 31, 2011) (giving a pro se plaintiff "the benefit of the most favorable date in the record" to determine when his claim accrued under § 1983); *see also English v. Miss. Dep't of Corr.*, No. 3:12-cv-00478-DPJ-FKB, 2013 WL 3938916, at *1 n.2 (S.D. Miss. July 31, 2013) (noting that the statute of limitations under § 1983 is tolled while a prisoner fulfills administrative-exhaustion requirements under the PLRA).

Guadiana did not sign his Complaint until November 14, 2023, [1], p. 14—more than seven years after the alleged assault and more than four years after the applicable statute of limitations expired. This case must be dismissed with prejudice as frivolous and for failure to state a claim. *See Goosby v. Robertson*, 602 F. App'x 190, 191 (5th Cir. 2015) (affirming dismissal of time-barred § 1983 claims as frivolous and for failure to state a claim).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff Alfonso Guadiana is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A

5

separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 28th day of March, 2024.**

                                                  **TAYLOR B. McNEEL**
                                                  **UNITED STATES DISTRICT JUDGE**